JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff

- ☐ 2   U.S. Government
  Defendant

- ☐ 3   Federal Question
  *(U.S. Government Not a Party)*

- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　　No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☐　　No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　　Yes ☐　　No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　Yes ☐　　No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

James Andrzejewski

DATE: _____　　_____　　_____
　　　　　　　　　　　　　　　　Must sign here
　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**　*Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**　*Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☐ Relief other than monetary damages is sought.

DATE: _____　　_____　　_____
　　　　　　　　　　　　　　　　Sign here if applicable
　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEMMA FARQUHAR                          :
                                        :        CIVIL ACTION NO.
                    VS.                 :
                                        :
LYFT, INC.                              :
                    AND                 :
ZULEIKA CRUZ-ROSARIO                    :

**RULE 7.1 DISCLOSURE STATEMENT FORM**
**OF DEFENDANT, LYFT, INC.**

Lyft, Inc. is a publicly held corporation traded on the Nasdaq Global Select Market with no parent corporation.  Rakuten, Inc., a publicly held corporation traded on the Tokyo Stock Exchange, owns more than ten percent of Lyft's outstanding stock through subsidiaries.

Respectfully submitted,

Date:  8/14/20                 *James Andrzejewski*

_____

JAMES ANDRZEJEWSKI, ESQUIRE
(PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant,
Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| GEMMA FARQUHAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LYFT, INC., ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X)

| | | |
|---|---|---|
| 8/14/20 | James Andrzejewski | Lyft, Inc. |
| **Date/** | **Attorney-at-law** | **Attorney for** |
| Á   215-351-5813 | 888-811-7144 | jandrzejewski@dmclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEMMA FARQUHAR | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC. | : | |
| AND | : | |
| ZULEIKA CRUZ-ROSARIO | : | |

**ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of the Notice of Removal filed on behalf of Defendant, Lyft, Inc., and any response thereto, it is hereby ORDERED and DECREED that the same is granted and the action of <u>Gemma Farquhar v. Lyft, Inc. and Zuleika Cruz-Rosario,</u> June Term, 2020, No. 200601690, is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania and is transferred to the United States District Court for the Eastern District of Pennsylvania.

BY THE COURT:

_____

UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEMMA FARQUHAR | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC. | : | |
| AND | : | |
| ZULEIKA CRUZ-ROSARIO | : | |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
       EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Lyft, Inc. (hereinafter "Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County, the jurisdiction in which this action is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1.      This action was commenced by Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania at June 2020, Number 200601690 on June 26, 2020.  A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.      Lyft was served with the Complaint on July 20, 2020, and the undersigned counsel entered their appearance on Lyft's behalf on July 30, 2020.

3.      Plaintiff seeks damages for personal injury allegedly sustained as a result of a motor vehicle-pedestrian accident occurring on May 2, 2019.  See Exhibit A.

4.      At the time this action was commenced and at present, Lyft is a Delaware corporation that maintains its principal place of business at 185 Berry Street, #5000, San Francisco, CA 94107.

5.      Upon information and belief, at the time this action was commenced and at present, Defendant, Zuleika Cruz-Rosario ("Defendant Cruz-Rosario"), is an adult individual and a citizen, domiciliary, and resident of Pennsylvania, with a residence at 4244 Lawndale Street, Philadelphia, Pennsylvania 19124.  See Exhibit A, ¶ 5.[1]

6.      Upon information and belief, at the time this action was commenced and at present, Plaintiff is an adult individual residing at 519 Oaklawn Avenue, 2nd Floor, Oaklyn, New Jersey 08107, and is a citizen, domiciliary, and resident of New Jersey.  See Exhibit A, ¶ 1.

7.      The Complaint alleges that, as a result of the subject accident, Plaintiff sustained, *inter alia*, severe pain, anxiety, depression, emotional damage/distress, humiliation, embarrassment, loss of pleasures and enjoyment of life and/or a serious impairment of one or more bodily functions.  See Exhibit A, ¶ 22.

8.      The Complaint alleges that Plaintiff's claimed injuries will continue for an indefinite time into the future.  See Exhibit A, ¶¶ 23-24.

9.      The Complaint alleges that Plaintiff has sustained a loss of earnings, and may sustain a loss of earnings in the future.  See Exhibit A, ¶ 24.

---

[1] No affidavit of service on Defendant Cruz-Rosario has been filed and the undersigned counsel has been unable to verify service with Defendant Cruz-Rosario.  Therefore, at this time, she is not considered properly served under 28 U.S.C. § 1446(b)(2)(A), and her consent is not required as a prerequisite for this removal.

10.     The Complaint alleges that Plaintiff has suffered a severe loss due to on-going expenses in obtaining ordinary and necessary services in lieu of those Plaintiff would have performed.  See Exhibit A, ¶ 25.

11.     The amount in controversy is alleged in the Complaint to exceed the sum of Fifty Thousand Dollars ($50,000.00).

12.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), Defendant Lyft asserts the amount in controversy exceeds $75,000 because Plaintiff is permitted by state practice to recover damages in excess of the $50,000 demanded as a money judgment.

13.     Upon information and belief, the amount in controversy, as alleged based on the nature of the severe and continuing injuries claimed, and without admitting to the existence or merit of same, exceeds Seventy-Five Thousand Dollars ($75,000.00).

14.     The present lawsuit is removable from the state court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) as there is complete diversity of citizenship among all parties to this action and the amount in controversy exceeds $75,000.

15.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district, namely that the subject motor vehicle accident, occurred in the City and County of Philadelphia.

16.     Copies of all process, pleadings and orders that have been received by Lyft, other than the Complaint (attached as Exhibit A) are filed herewith and attached collectively hereto as Exhibit B.

17.     This Notice is timely being filed within thirty (30) days of service of the Complaint on Defendant Lyft.

WHEREFORE, Defendant, Lyft, Inc., respectfully requests the above-captioned matter now pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.  A corresponding proposed order is attached hereto and entry thereof is requested.


Respectfully submitted,

Date:  8/14/2020                    *James Andrzejewski*

_____

JAMES ANDRZEJEWSKI, ESQUIRE
(PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-351-5818
Attorneys for Defendant, Lyft Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEMMA FARQUHAR                          :
                                        :         CIVIL ACTION NO.
                    VS.                 :
                                        :
LYFT, INC.                              :
                    AND                 :
ZULEIKA CRUZ-ROSARIO                    :

### **AFFIDAVIT**

James Andrzejewski, Esquire, being sworn according to law deposes and says that he is the counsel for Defendant, Lyft, Inc. in the within matter; and that he has read the foregoing Notice of Removal and believes it to be true and correct, to the best of his knowledge or information and belief.

Respectfully submitted,

Date: 8/14/2020                    *James Andrzejewski*

                                   _____
                                   JAMES ANDRZEJEWSKI, ESQUIRE
                                   (PA ID No.: 308153)
                                   jandrzejewski@dmclaw.com

                                   Dickie, McCamey & Chilcote, P.C.
                                   1650 Arch Street, Suite 2110
                                   Philadelphia, PA 19103
                                   Telephone:  215-351-5818
                                   Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEMMA FARQUHAR                          :
                                        :       CIVIL ACTION NO.
                          VS.           :
                                        :
LYFT, INC.                              :
                          AND           :
ZULEIKA CRUZ-ROSARIO                    :

## PROOF OF FILING

I, James Andrzejewski, Esquire, hereby certifies that a copy of the foregoing Notice of

Removal has been filed via electronic filing with the Prothonotary of the Court of Common

Pleas of Philadelphia County on August 14, 2020.

Respectfully submitted,

Date:  8/14/2020                        *James Andrzejewski*

                                        _____
                                        JAMES ANDRZEJEWSKI, ESQUIRE
                                        (PA ID No.: 308153)
                                        jandrzejewski@dmclaw.com

                                        Dickie, McCamey & Chilcote, P.C.
                                        1650 Arch Street, Suite 2110
                                        Philadelphia, PA 19103
                                        Telephone:  215-351-5818
                                        Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEMMA FARQUHAR | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC. | : | |
| AND | : | |
| ZULEIKA CRUZ-ROSARIO | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, James Andrzejewski, Esquire, hereby certify that a copy of the attached has been

served upon the following individual by first class, United States mail, postage pre-paid this

14th day of August, 2020.

Brian A. Rice, Esq.
Gabriel A. DiLeonardo, Esq.
*Mattleman, Weinroth & Miller*
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034

Respectfully submitted,

Date:  8/14/2020

*James Andrzejewski*

_____

JAMES ANDRZEJEWSKI, ESQUIRE
(PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-351-5818

Attorneys for Defendant, Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: James Andrzejewski, Esquire
Identification No. 308153
Attorneys for Defendant, Lyft, Inc.

_____

| | | |
|---|---|---|
| GEMMA FARQUHAR | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| VS. | : | |
| | : | |
| LYFT, INC. | : | JUNE TERM, 2020 |
| AND | : | |
| ZUKEIKA CRUZ-ROASRIO | : | NO: 001690 |

_____

## **NOTICE OF REMOVAL**

TO:    PROTHONOTARY OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

        Pursuant to 28 U.S.C.A. §1446(d), Lyft, Inc. files herewith a copy of the Notice of

Removal, which was filed in the United States District Court for the Eastern District of

Pennsylvania on August 14, 2020.

                                Respectfully submitted,

Date:  8/14/2020                *James Andrzejewski*

                                _____
                                JAMES ANDRZEJEWSKI, ESQUIRE
                                Attorneys for Defendant, Lyft, Inc.

**MATTLEMAN, WEINROTH & MILLER, P.C.**
BY:    BRIAN A. RICE, ESQUIRE
        GABRIEL A. DiLEONARDO, SR., ESQUIRE
PA ATTORNEY I.D. NOS.: 322654; 323712
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
(856) 429-5507
brice@mwm-law.com
gdileonardo@mwm-law.com
*Attorneys for Plaintiff, Gemma Farquhar*



*Filed and Attested by the Office of Judicial Records 26 JUN 2020 03:25 pm A. SILIGRINI*

| | |
|---|---|
| GEMMA FARQUHAR<br>519 Oaklawn Avenue, 2nd Floor<br>Oaklyn, NJ 08107<br><br>PLAINTIFF<br><br>v.<br><br>LYFT, INC.<br>185 Berry Street, Suite 5000<br>San Francisco, CA 94107<br>-and-<br>ZULEIKA CRUZ-ROSARIO<br>4244 Lawndale Street<br>Philadelphia, PA 19124<br><br>DEFENDANTS | PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br><br>DOCKET NO.:<br><br>JURY TRIAL DEMANDED |

## NOTICE

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  **YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU**.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH THE INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO

EXHIBIT "A"

Case ID: 200601690

PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCE FEE OR NO FEE.

Philadelphia Bar Association Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notiticacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demadadas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandato y requiere que usted crumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros dereches importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE AHOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIAL LEGAL.

Philadelphia Bar Association Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333

2

Case ID: 200601690

**MATTLEMAN, WEINROTH & MILLER, P.C.**
BY:     BRIAN A. RICE, ESQUIRE
           GABRIEL A. DiLEONARDO, SR., ESQUIRE
PA ATTORNEY I.D. NOS.: 322654; 323712
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
(856) 429-5507
brice@mwm-law.com
gdileonardo@mwm-law.com
*Attorneys for Plaintiff, Gemma Farquhar*

| | |
|---|---|
| GEMMA FARQUHAR<br>519 Oaklawn Avenue, 2nd Floor<br>Oaklyn, NJ 08107<br><br>PLAINTIFF<br><br>v.<br><br>LYFT, INC.<br>185 Berry Street, Suite 5000<br>San Francisco, CA 94107<br>-and-<br>ZULEIKA CRUZ-ROSARIO<br>4244 Lawndale Street<br>Philadelphia, PA 19124<br><br>DEFENDANTS | PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br><br>DOCKET NO.:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

AND NOW, comes Plaintiff, Gemma Farquhar, by and through her attorneys, Mattleman, Weinroth & Miller, P.C., to file the within Complaint and aver the following:

## PARTIES

1.    Plaintiff, Gemma Farquhar (hereinafter referred to as "Plaintiff"), was and is at all times material hereto an adult individual residing at the address above captioned.

2.    Defendant, Lyft, Inc. (hereafter "Defendant Lyft") is a foreign business corporation and/or other business entity that is registered with the Pennsylvania Department of State

3

Case ID: 200601690

to conduct/perform business in the Commonwealth of Pennsylvania, under entity number 4255720.

3.    Defendant Lyft is incorporated in the State of Delaware, with a principal place of business located at 185 Berry Street, Suite 5000, San Francisco, CA 94107 and can be served through its registered agent, Incorporating Services LTD, at 600 N. Second St. Harrisburg, PA 17101.

4.    At all times relevant hereto, Defendant Lyft, acted individually and/or by and through its employees, servants, agents, including but not limited to, actual, ostensible and/or apparent agents, workers, predecessors, successors, parent companies, subsidiaries, affiliates, franchises and/or partners, who were acting within the course and scope of their employment, agency, partnership and/or authority for, on behalf of and/or in the name of Defendant Lyft, including but not limited to Defendant Zuleika Cruz-Rosario.

5.    Defendant, Zuleika Cruz-Rosario (hereinafter referred to as "Defendant Cruz-Rosario"), was and is at all times material hereto an adult individual residing at the address above captioned.

6.    Upon information and belief, at all times material hereto Defendant Cruz-Rosario was operating her vehicle within the course and scope of her employment, agency and/or partnership with Defendant Lyft.

7.    At all times material hereto, Defendant Lyft—operating as a common carrier under Pennsylvania law and as a ridesharing company—was in the business of transporting passengers.

Case ID: 200601690

8.    At all times material hereto, Defendant Lyft partnered with and/or employed automobile owners and drivers, including Defendant Cruz-Rosario, for the purposes of providing transportation services to people in and around Philadelphia, Pennsylvania for a fare.

9.    At all times material hereto, Defendant Lyft received a credit card payment from the customer/passenger at the end of the ride for the entirety of the fare, retained a portion of the fare, and then remitted a percentage to the driver who transported the customer.

10.   Defendant Lyft's drivers, such as Defendant Cruz-Rosario, provide an essential service and are an essential component of Defendant Lyft's business of providing transportation services to customers.

11.   At all times material hereto, Defendant Cruz-Rosario participated in Defendant Lyft's prearranged transportation network/service by previously applying to be a driver through the Lyft phone application and/or web-based portal and providing information about herself and her vehicle(s).

12.   At all times material hereto, Defendant Lyft was in exclusive control of who could use the Lyft phone application as a driver, including Defendant Cruz-Rosario.

13.   At all times material hereto, Defendant Lyft approved Defendant Cruz-Rosario as a Lyft driver.

14.   At all times material hereto, Lyft exercised and/or had a contractual right to exercise significant control over Defendant Cruz-Rosario, including, but not limited to, unilaterally setting the rates that Defendant Cruz-Rosario could charge, unilaterally determining the portion of the payment remitted to compensate Defendant Cruz-Rosario for her services, requiring Defendant Cruz-Rosario to comply with Defendant Lyft's policies regarding personal conduct and vehicle maintenance, and prohibiting Defendant

Case ID: 200601690

Cruz-Rosario from soliciting rides from customers who do not use the Lyft phone application.

15.    At all times material hereto, Defendant Cruz-Rosario, was acting as an employee, servant, partner in a joint venture and/or agent of/with Defendant Lyft.

**FACTS**

16.    On May 2, 2019, Plaintiff was walking westbound across S. Christopher Columbus Boulevard within the designated cross walk while the pedestrian crossing signal was activated, thereby giving Plaintiff the right of way to cross.

17.    At that time and place, Defendant Cruz-Rosario owned and was operating a motor vehicle eastbound on Dock Street approaching and/or entering the intersection of Dock Street and S. Christopher Columbus Boulevard in Philadelphia, Pennsylvania.

18.    At that time and place, Defendant Cruz-Rosario entered the intersection of Dock Street and S. Christopher Columbus Boulevard and attempted to make a left turn onto Christopher Columbus Boulevard.

19.    Thereafter, Defendant Cruz Rosario struck Plaintiff with her vehicle within the designated crosswalk while Plaintiff still had the right of way to cross.

20.    At all times material hereto, Defendant Cruz-Rosario was driving and/or transporting two (2) passengers for and/or on behalf of Defendant Lyft.

21.    As a direct and proximate result of the aforesaid crash, Plaintiff suffered significant, permanent and/or debilitating bodily injuries.

22.    As a direct and proximate result of the aforesaid crash, Plaintiff also suffered severe pain, anxiety, depression, emotional damage/distress, humiliation, embarrassment, loss of

Case ID: 200601690

pleasures and enjoyment of life and/or a serious impairment of one or more bodily functions.

23.    As a further result of the aforesaid crash, Plaintiff has been obliged to incur expenses for medicines, ambulatory equipment and/or medical attention in trying to treat and cure her injuries, and will be compelled to expend and/or incur additional sums for the same purposes for an indefinite time into the future.

24.    As a further result of the aforesaid collision, Plaintiff has been prevented from attending to her usual and daily pursuits, hobbies, duties and/or avocations, thereby suffering a loss of earnings and/or impairment of his earning capacity and/or loss of life's pleasures which will continue for an indefinite time into the future.

25.    As a further result of the aforesaid crash, Plaintiff has suffered and/or may continue to suffer a severe loss because of expenses which have been and/or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of herself if she had not been injured.

## COUNT ONE – NEGLIGET HIRING, TRAINING AND/OR SUPERVISION
### (Plaintiff, Gemma Farquhar v. Defendant, Lyft, Inc.)

26.    Plaintiff restates each and every averment contained in the preceding paragraphs of this Complaint and incorporates them by reference as if same were set forth at length.

27.    Defendant Lyft, individually and/or by and through its actual and/or apparent agents, servants, drivers, employees and/or partners, based on the nature and character of its business and/or its past experience, was under a duty to take precautions to ensure the safety of passengers and the general public, by providing safe transportation services,

Case ID: 200601690

operating its business with an appropriate level of safety protections for passengers and the general public, and exercising reasonable care in the operation of their business.

28.   Defendant Lyft failed to properly and/or adequately screen, vet and/or assess Defendant Cruz-Rosario prior to permitting her to drive for and/or on behalf of Defendant Lyft to ensure that she was a qualified and/or safe driver.

29.   Defendant Lyft knew and/or should have known that failure to hire, train, manage, supervise, control and/or fire their employees, drivers, servants, partners in a joint venture and/or agents, including Defendant Cruz-Rosario, could lead to a breach of that duty of care, resulting in the injury of passengers and/or the general public, including Plaintiff.

30.   Defendant Lyft, individually and/or by and through its actual and/or apparent agents, servants, drivers, employees and/or partners in a joint venture breached that duty of care in the training, supervision of and/or retention of its drivers.

31.   At all times material hereto, Defendant Lyft failed to establish procedures and/or programs to determine whether their employees, drivers, agents, servants and/or partners in a joint venture were and/or are fit and capable of safely and properly performing the requirements of their respective employment, agency and/or duties.

32.   At all times material hereto, Defendant Lyft acted negligently by establishing unsafe, improper and/or ambiguous terms of service, creating perverse incentives for drivers to provide rides in violation of Defendant Lyft's internal Community Guidelines, and failing to establish proper regulations to ensure the safety of passengers and the general public.

33.   Defendant Lyft permitted its employee, driver, agent, servant and/or partner in a joint venture, Defendant Cruz-Rosario, to operate her vehicle when it knew and/or reasonably should have known she was an unsafe, unfit, inexperienced and/or hazardous driver.

Case ID: 200601690

34.    Defendant Lyft is vicariously liable for the acts and/or omissions of its employee, agent, driver, servant and/or partner in a joint venture, Defendant Cruz-Rosario, who at all times material hereto, was driving/transporting passengers as an employee, driver, agent, servant and/or partner in a joint venture of/with Defendant Lyft and/or was otherwise acting on its behalf, at its direction and/or under its control.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant Lyft, individually, jointly, and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, exclusive of prejudgment interest, costs and damages for pre-judgment delay, and for any other such relief as the Court may deem just and equitable.

<u>**COUNT TWO – NEGLIGENCE**</u>
**(Plaintiff, Gemma Farquhar v. Defendant, Zuleika Cruz-Rosario)**

35.    Plaintiff restates each and every averment contained in the preceding paragraphs of this Complaint and incorporates them by reference as if same were set forth at length.

36.    The aforementioned collision and the injuries and damages arising therefrom, were directly and proximately caused by the negligence and/or carelessness of Defendant, Zuleika Cruz-Rosario, as follows:

a.   Failing to observe and/or obey traffic markers, signs, road lines, markings, controls and/or signals on the road;

b.   Failing to maintain proper control over the operation of her vehicle;

c.   Failing to maintain an adequate and proper lookout and/or make proper observations;

d.   Failing to notice/observe Plaintiff prior to striking her with her vehicle while Plaintiff was lawfully within a designated crosswalk and had the right of way to cross;

Case ID: 200601690

e.   Operating her vehicle with no warning of approach and/or intended direction;

f.   Failing to keep her vehicle under proper control so as to prevent same from colliding with Plaintiff;

g.   Failing to take any evasive action and/or otherwise attempt to avoid striking Plaintiff with her vehicle;

h.   Driving while talking, dialing, texting, browsing the internet and/or using one or more applications on a cell phone and/or using a navigation system, radar detector, scanner, radio, infotainment system and/or or similar device;

i.   Operating her vehicle in such a manner so as to create a dangerous condition of which she knew, or in the exercise of reasonable care, should have known;

j.   Driving her vehicle at a speed greater than what was reasonable and prudent under the circumstances;

k.   Driving her vehicle at an unsafe speed given the traffic, road and/or weather conditions prevailing during the relevant time;

l.   Failing to timely apply her vehicle's brakes;

m.   Carelessly driving her vehicle;

n.   Driving her vehicle while being inattentive, distracted and/or otherwise unfit (i.e., too tired) to safely do so;

o.   Operating her vehicle in violation of 75 Pa.C.S.A. §3112 et seq.: Traffic-control Signals;

p.   Operating her vehicle in violation of 75 Pa.C.S.A. §3113 et seq.: Pedestrian-control signals;

q.   Operating her vehicle in violation of 75 Pa.C.S.A. §3316 et seq.: Prohibiting text-based communications;

r.   Operating her vehicle in violation of 75 Pa.C.S.A. §3322 et seq.: Vehicle turning left;

s.   Operating her vehicle in violation of 75 Pa.C.S.A. §3331 et seq.: Required position and method of turning;

t.   Operating her vehicle in violation of 75 Pa.C.S.A. §3334 et seq.: Turning movements and required signals;

10

Case ID: 200601690

u. Operating her vehicle in violation of 75 Pa.C.S.A. §3335 et seq.: Signals by hand and arm or signal lamps;

v. Operating her vehicle in violation of 75 Pa.C.S.A. §3361 et seq.: Driving Vehicle at Safe Speed;

w. Operating her vehicle in violation of 75 Pa.C.S.A. §3542(a);

x. Operating her vehicle in violation of 75 Pa.C.S.A. §3714 et seq.: Careless Driving;

y. Defendant Cruz-Rosario, knew and/or should have known that she was operating her vehicle in violation of the abovementioned statutes and chose to disobey these laws to the peril of Plaintiff, even though Defendant Cruz-Rosario knew of the likelihood that significant harm would come to Plaintiff; and

z. Defendant Cruz-Rosario knew and/or should have known that she was not physically fit to operate her vehicle in a safe and non-negligent manner and despite this knowledge, operated her motor vehicle to the detriment of Plaintiff.

37. As a direct and proximate result of the careless and/or negligent acts and/or omissions of Defendant Cruz-Rosario, as set forth herein, Plaintiff, sustained the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant Cruz-Rosario, individually, jointly, and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, exclusive of prejudgment interest, costs and damages for pre-judgment delay, and for any other such relief as the Court may deem just and equitable.

<u>**COUNT THREE – VICARIOUS LIABILITY**</u>
**(Plaintiff, Gemma Farquhar v. Defendant, Lyft, Inc.)**

38. Plaintiff restates each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them by reference as if same were set forth at length.

Case ID: 200601690

39.     At all times relevant hereto, Defendant Cruz-Rosario was driving and transporting customers within the course and scope of her employment, agency and/or partnership with Defendant Lyft and/or under the control of Defendant Lyft and, as a result, Defendant Lyft is vicariously liable for the negligent and/or careless actions and/or inactions of Defendant Cruz-Rosario averred in ¶¶ 36(a)-(z), supra.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant Lyft, individually, jointly, and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars for compensatory damages, exclusive of prejudgment interest, costs and damages for pre-judgment delay, and for any other such relief as the Court may deem just and equitable.

MATTLEMAN, WEINROTH & MILLER, P.C.

Date: 6/26/2020                    By: _____

Brian A. Rice, Esquire
*Attorney for Plaintiff, Gemma Farquhar*

12

Case ID: 200601690

## DEMAND FOR JURY TRIAL

Plaintiff, Gemma Farquhar, by and through her undersigned counsel, hereby demands a trial by jury in the above-captioned matter.

MATTLEMAN, WEINROTH & MILLER, P.C.

Date: 6/26/2020                By: _____

Brian A. Rice, Esquire
*Attorney for Plaintiff, Gemma Farquhar*

13

Case ID: 200601690

DocuSign Envelope ID: A1AF11A5-0E5C-493F-B2FF-C8238D0E30B7

## VERIFICATION

The undersigned hereby states that she is the Plaintiff in this action and that the facts set forth in the foregoing Complaint are true and correct to the best of her knowledge, information, and belief. The undersigned understands that the statements set forth in the foregoing Complaint are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Date: 6/26/2020 _____

By: _____
Gemma Farquhar, Plaintiff

Case ID: 200601690

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: James R. Andrzejewski, Esquire
Identification No. 308153
Attorneys for Defendant, Lyft, Inc.



Filed and Attested by the
Office of Judicial Records
30 JUL 2020 12:12 pm
M. RUSSO

_____

| | | |
|---|---|---|
| GEMMA FARQUHAR | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | JUNE TERM, 2020 |
| LYFT, INC. and ZULEIKA CRUZ-ROSARIO | : | |
| | : | NO.: 200601690 |

_____

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

     Kindly enter our appearance as counsel for the Defendant, Lyft, Inc., in the above captioned matter.

## DEMAND FOR JURY TRIAL

TO THE PROTHONOTARY:

     Defendant, Lyft, Inc., above named hereby demands a jury trial in the above captioned matter.  Said jury to consist of 12 jurors.

DICKIE, McCAMEY & CHILCOTE, P.C.

*James R. Andrzejewski*

BY: _____
JAMES R. ANDRZEJEWSKI, ESQUIRE
Attorney(s) for Defendant, Lyft, Inc.

DICKIE, McCAMEY & CHILCOTE, P.C.

*Jeffrey H. Quinn*

BY: _____
JEFFREY H. QUINN, ESQUIRE
Attorney(s) for Defendant, Lyft, Inc.



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

Gemma Farquhar

-VS-

Lyft, Inc. etal

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County, Civil

**CASE NUMBER** 200601690

*Filed and Attested by the Office of Judicial Records 14 AUG 2020 11:45 am G. IMPERATO*

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  CS173693.01
**Reference Number**

Thomas Kenney, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 7/14/2020 we received the  **Complaint in a Civil Action**   for service upon:

**Zuleika Cruz-Rosario** at 2843 NEPTUNE ROAD, PHILADELPHIA, PA 19154 .

Service was **NOT SERVED** on  **7/25/2020** at **12:48 PM**,  for the reason described below:

**NO RESPONSE - SEE ATTEMPTS.: SATURDAY ATTEMPT. DEFENDANT PUBLISHED IN COLES NO PHONE NUMBER LISTED.**

Commonwealth of Pennsylvania · Notary Seal
BRENDA M. RAVENELL, Notary Public
Philadelphia County
My Commission Expires December 16, 2023
Commission Number 1206310

**Sworn to and subscribed before me this**

31st day of July 2020

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:
07/17/2020 08:20 PM 2843 NEPTUNE ROAD, PHILADELPHIA, PA 19154 NO RESPONSE.
07/21/2020 08:32 AM 2843 NEPTUNE ROAD, PHILADELPHIA, PA 19154 NO RESPONSE.
07/25/2020 12:48 PM 2843 Neptune Road, Philadelphia, PA 19154 SATURDAY ATTEMPT. NO RESPONSE.

Client     Phone (856) 429-5507

:                     | **Filed Date:** | 06/26/2020 | **BR Serve By:** | 07/25/2020

Brian A. Rice
Mattleman, Weinroth & Miller
401 Route 70 East
Cherry Hill, NJ  08034



ORIGINAL



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169
*Services for Professionals Inc.*

Gemma Farquhar

    -VS-

Lyft Inc., et al

:    **COURT**    Court of Common Pleas

         Philadelphia

:    **CASE NUMBER**    200601690

National Association of Professional Process Servers

Filed and Attested by the
Office of Judicial Records
14 AUG 2020 07:48 am
M. RUSSO

State of _California_        **AFFIDAVIT**

County of _Orange_

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

B&R Control # CS173525.01
Reference Number

---

### SERVICE INFORMATION

On _7/6/2020_, we received the
**Complaint**
For service upon: Lyft, Inc.
At CT Corp., 818 West Seventh St., Ste. 930, Los Angeles, CA 90017

---

[X] Served   Date _7/20/2020_ Time _11:10AM_   Accepted By: _Peter Cayetano_

In the manner described below.

[ ] Personally served.

[ ] Adult in charge of residence, relationship is      _____

[ ] Adult in charge of residence who refused to give name and/or relationship.   _____

[ ] Manager/Clerk of place of residence lodging

[X] Agent or person in charge of office or usual place of business   _Agent for Serve_

[ ] Other

**Description of Person**   Age _30+_   Height _5-7_   Weight _190_   Race _Hispanic_ Sex _M_

         Other _____

[ ] **Not Served**   Date _____ Time _____   [ ] Moved   [ ] Unknown   [ ] No Answer   [ ] Vacant

[ ] Other _____

---

The Process Server, being duly sworn, deposes and says that the facts set forth herein are true and correct to the best of their knowledge, information and belief.

Process Server/Sheriff
Robert Hall

Sworn to and subscribed before me this

_23_ day of _July_ _2020_

Notary Public

Client    Phone (856) 429-5507      :      Filed Date: 06/26/2020   BR Serve By: 07/27/2020

Brian A. Rice
Mattleman, Weinroth & Miller
401 Route 70 East
Cherry Hill, NJ 08034

Tamara Alana Aguirre
COMM #2304658
Notary Public - California
ORANGE COUNTY
My Commission Expires Sept. 12, 2023

ORIGINAL